IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN WILLIAM SCHARNHORST, III                                                                PLAINTIFF

v.                            Civil No. 5:22-CV-05232-TLB-MEF

CHIEF DEPUTY JAY CANTRELL;
MAJOR RANDALL DENZER;
CAPTAIN NOLAN AKE;
CORPORAL TOM MULVANEY; and
DANIEL GERTZ,
Account representative for Summit, Inc.,                                                   DEFENDANTS.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, John William Scharnhorst, III, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is a pretrial detainee currently incarcerated at the Washington County Detention ("WCDC") and is proceeding in this matter *pro se*.  The Court previously granted Plaintiff's request to proceed *in forma pauperis* ("IFP").  (ECF No. 6).  This matter is now before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").  Pursuant to 28 U.S.C. § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Upon that review and for the reasons discussed below, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim as a matter of law.

**I.      BACKGROUND**

Plaintiff alleges that the "kiosk/tablet system" at the WCDC is "constantly in a state of disrepair, malfunction, or non-operation." (ECF No. 1, p. 4).  According to Plaintiff, this system is intended to provide services such as the "law library, U.S. mail, newspaper, visitation, email,

1

medical and attorney services, grievances, general requests and inquiries, commissary, etc." *Id*.

Plaintiff claims that he has experienced ongoing issues with the kiosk system from December 14, 2021, through November 17, 2022.  Plaintiff alleges that he has filed grievances about these issues, going so far as to mail letters up the chain of command to Defendants Mulvaney, Ake, Denzer and Cantrell, who Plaintiff identifies as the people responsible for ensuring that these services are provided at the WCDC.  (ECF No. 1, p. 5).  Plaintiff claims that Deputy Richardson took a video as recently as the day he filled out the § 1983 complaint form showing that the law library function on the kiosk was "non functional."  *Id*.  Plaintiff alleges that the defendants are indifferent to the rights and needs of the detainees and have refused to ensure that the kiosk system is operational.  *Id*.  Plaintiff alleges that the kiosk system is provided by Summit, Inc. and maintained by Daniel Gertz.  *Id*. at p. 4.

Plaintiff names the defendants in their individual and official capacities, claiming that "ignoring the failures of the kiosk/tablets is protocol—nobody cares."  (ECF No. 1, p. 5).  Plaintiff requests punitive and compensatory damages; that a third-party detainee advocate be installed at the WCDC to oversee its operations; that the WCDC terminate its contract with Summit, Inc. on the grounds of breach of contract; that Sheriff-elect Jay Cantrell and Major Randall Denzer issue an apology to former and current detainees whose rights have been violated; and that Summit, Inc. serve ice cream to all detainees as a token of their apology.  *Id*. at p. 6.

## II.     LEGAL STANDARD

Under the PLRA, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III. DISCUSSION

"The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009).

The Court's first inquiry here is whether Plaintiff has articulated a constitutionally protected federal right. Plaintiff alleges that the WCDC kiosk/tablet system provides services such as "the law library, U.S. mail, newspaper, visitation, email, medical & attorney services, grievances, general requests & inquiries, commissary, etc." (ECF No. 1, p. 4). Plaintiff claims his access to these services is often impaired because the kiosk/tablet system is not operational. *Id*. at pp. 5-6. WCDC's policy to offer such services through the kiosk, and its purported failure to properly maintain the kiosk so that Plaintiff can access those services, however, does not, in itself, amount to a constitutional violation. *See Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate

3

claim of entitlement.")); *see also Griffin-El v. Delo*, 34 F.3d 602, 604 n.3 (8th Cir. 1994) (prisoner does not have a liberty interest in a particular procedure).  Accordingly, Plaintiff's claim fails because he has not articulated that a non-functioning kiosk system violates a constitutionally protected federal right.

Aside from the fact that Plaintiff has failed to allege a constitutional right to an "operational kiosk/tablet system," Plaintiff has failed, more broadly, to allege a violation of his constitutional rights to the services the kiosk system purportedly provides, specifically "the law library, U.S. mail, newspaper, visitation, email, medical & attorney services, grievances, general requests & inquiries, commissary, etc." (ECF No. 1, p. 4), for at least two reasons.

First, the Complaint fails to set forth a plausible claim.  To state a claim under Rule 8 of the Federal Rules of Civil Procedure, the pleading "must contain a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "A complaint states a plausible claim for relief if its factual content ... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  Simply listing the various services that the kiosk/tablet system purportedly provides, and alleging in conclusory fashion that the kiosk/tablet system is "constantly in a state of disrepair, malfunction, or non-operation," without also alleging additional specific facts—concerning the date(s) and time(s) when the kiosk/tablet system was not functioning, how long the kiosk/tablet system was not functioning on each occasion, and how lack of access to the kiosk/tablet system impaired his constitutional rights—is, therefore, not sufficient to establish a

cause of action under § 1983.

The closest Plaintiff gets to establishing a plausible cause of action under § 1983 is in alleging that on the day he filled out the § 1983 form, the "law library" function on the kiosk was non-operational. (ECF No. 1, p. 5). This allegation does not survive preservice screening, however, because it does not satisfy the elements of an "access-to-the-courts" claim. The Supreme Court has held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). *Bounds*, however, "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, to establish an "access-to-the-courts" claim, Plaintiff must establish that he has suffered prejudice or actual injury. *Lewis*, 518 U.S. at 351-52. Here, Plaintiff makes no such claim. Accordingly, an access-to-the-courts claim based on the allegation that the law library function on the kiosk was not operational on one occasion should similarly fail.

Second, setting aside pleading requirements, Plaintiff, as a pretrial detainee, "may be subjected to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979). Presented with questions about the constitutionality of such restrictions, courts have upheld policies limiting detainees' ability to purchase to certain items, *see Bell*, 441 U.S. at 550-51, restrictions on detainees' access to computers, email, and the internet, *see Banks v. Jesson*, No. 11-CV-1706, 2012 WL 13094534, at *10 (D. Minn. Jan. 13, 2012) (concluding that policy limiting "detainees' use of computers, email, and the internet do not raise

5

constitutional concerns") *and Senty-Haugen v. Goodno*, 426 F.3d 876, 886 n.7 (8th Cir. 2006), and restrictions on contact visits, *see Block v. Rutherford*, 468 U.S. 576, 589 (1984) (concluding that the "Constitution does not require that detainees be allowed contact visits when responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility"). In short, not every deprivation amounts to a constitutional violation. Because Plaintiff has failed to allege sufficient specific facts establishing a violation of any constitutional right, this Court need not determine whether—as a matter of law—the alleged deprivations of access to the kiosk/tablet system raise constitutional concerns.

### IV. CONCLUSION

For the reasons outlined above, the undersigned recommends that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Plaintiff should be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the Clerk should be directed to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of January 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE