IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN WILLIAM SCHARNHORST, III                                                              PLAINTIFF

v.                          Civil No. 5:22-CV-05232-TLB-CDC

SHERIFF CANTRELL; MAJOR RANDALL DENZER;
CAPTAIN NOLAN AKE; CORPORAL TOM MULVANEY;
DANIEL GIERTZ; LIEUTENANT A. ARNOLD; and
CAPTAIN KEVIN EAST                                                                         DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff John William Scharnhorst, III, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983, generally challenging the constitutionality of the Washington County Detention Center (WCDC) "kiosk system." (ECF No. 15). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation on Plaintiff's Motion for Contempt.[1] (ECF No. 63). Defendants have filed a Memorandum in response, including one (1) exhibit, in support. (ECF No. 68). Plaintiff has filed no reply. This Motion is ripe for the Court's consideration.

### BACKGROUND

This is one of seven civil rights actions Plaintiff initiated in this District within five months. *See Scharnhorst v. Cantrell et al.*, 5:22-CV-05138-TLB (W.D. Ark. July 15, 2022);

---

[1] There are two other motions pending before the Court: Defendants' Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies, (ECF No. 34), and separate Defendant Giertz's Motion to Dismiss, (ECF No. 53). The Court will address these motions in a separate report and recommendation.

1

*Scharnhorst v. Helder, et. al*, 5:22-CV-05167-TLB-CDC (W.D. Ark. Aug. 10, 2022); *Scharnhorst v. Cantrell, et al.*, 5:22-CV-05176-TLB (W.D. Ark. Aug. 30, 2022); *Scharnhorst v. Cantrell, et al.*, 5:22-CV-05218-TLB-CDC (W.D. Ark. Oct. 19, 2022); *Scharnhorst v. Cantrell et al.*, 5:22-CV-05238-TLB-CDC (W.D. Ark. Dec. 14, 2022); *Scharnhorst v. Ake et al.*, 5:22-CV-05243-TLB-CDC (W.D. Ark. Dec. 19, 2022).[2]

In this case, Plaintiff alleges that Defendants Cantrell, Denzer, Ake, Mulvaney, Arnold, and East (collectively "County Defendants") should be found in contempt for violating the Federal Rules of Civil Procedure governing discovery and this Court's initial scheduling order. (ECF No. 63). Plaintiff makes five claims. (ECF No. 63).

First, Plaintiff says that even though "the initial scheduling order states that defendants shall provide plaintiff with a copy of . . . any color photographs . . . which relate to the facts recited in Plaintiff's complaint" and he requested copies of color photographs of his in-grown toenail, Plaintiff "refused to produce the photos after [he] requested them in [his] August 30, 2023, Request for Production."[3] *Id.* Second, Plaintiff contends that he physically wrote letter grievances because the WCDC kiosk system was non-operational, and he did not have access to the tablets. *Id.* Plaintiff asserts that those physical grievances should have been provided in compliance with the initial scheduling order, but they were not, and Defendants did not provide them when he made a request for production. *Id.* Third, in that same request for production, he asked the Defendants

---

[2] On this Court's recommendation, Judge Brooks granted Defendants' Motion for Summary Judgment and dismissed *Scharnhorst v. Cantrell, et al.*, Case No. 5:22-CV-05176 (W.D. Ark. Aug. 30, 2022), with prejudice. *See* Case No. 5:22-CV-05176 (ECF No. 74). All other cases remain pending at various stages of litigation.

[3] Plaintiff's August 30, 2023, Requests for Production coincides with the Requests for Production the County Defendants received on September 5, 2023. *Cf.* (ECF No. 63, p. 4) *with* (ECF No. 68-1, p. 2).

2

to produce all his paper grievances, but Defendants did not comply with this request until January 24, 2024. *Id.* Fourth, Plaintiff contends that he wrote letters to the Defendants, but the Defendants have not produced copies of these letters in their discovery, either. *Id.* Finally, Plaintiff maintains that he "recall[s] filing at least two paper grievances, yet the Defendants have only produced one." *Id.* In response, Defendants assert that Plaintiff's Motion for Contempt should be denied because they have not violated any court order. This Court agrees with the Defendants.

## LEGAL STANDARD

Pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, the Court may "[o]n motion or on its own, [] issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). One such sanction, and the one Plaintiff requests here, is to treat the failure to obey an order as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000) (citing *United States v. United Mine Workers*, 330 U.S. 258, 290 n.56 (1947)).

"A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." *Chi. Truck Drivers*, 207 F.3d at 505 (citing *Indep. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir. 1998)). If the moving party meets that initial burden, the burden then shifts to alleged non-moving party to show inability to comply. *Id.* To establish an inability to comply, the alleged contemnors must

3

establish: "(1) that they were unable to comply, explaining why categorically and in detail; (2) that their inability to comply was not 'self-induced;' and (3) that they made in good faith all reasonable efforts to comply." *Id.* at 506 (internal citations omitted).

## ANALYSIS

The first question for the Court to decide in addressing Plaintiff's Motion for Contempt, therefore, is whether Plaintiff has met his initial burden of showing that the Defendants violated a court order. *See Chaganti & Assocs., P.C. v. Nowotny,* 470 F.3d 1215, 1223 (8th Cir. 2006) ("A contempt order must be based on a party's failure to comply with a 'clear and specific' underlying order.") (quoting *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.,* 293 F.3d 409, 418 (8th Cir. 2002)). Plaintiff has plainly not met this burden.

In his Motion for Contempt, Plaintiff repeatedly references the "initial scheduling order." *See generally* (ECF No. 63). But, as the Defendants correctly note, the Court has not yet entered an initial scheduling order governing discovery in this case. Instead, on September 11, 2023, after all the Defendants had been served and entered an Answer to the Amended Complaint, this Court issued the following order:

> If the Defendant(s) intend to pursue a defense, pursuant to the Prison Litigation Reform Act, 42 U.S.C. 1997(e)(a), that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit, that Defendant(s) must raise the issue in a motion for summary judgment filed no later than 45 days from the date of this Order.
>
> **All discovery is stayed until the Court resolves any exhaustion issues.** If the Defendant(s) do not intend to pursue an exhaustion defense, the Defendant(s) should PROMPTLY file a notice so stating.
>
> Summary Judgment Motion due by 10/26/2023.

(ECF No. 30) (emphasis added). After requesting (and receiving) a request for an extension of

4

time, *see* (ECF Nos. 32-33), the County Defendants filed a Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies, *see* (ECF No. 34), on November 9, 2023. After requesting multiple extensions of time, Plaintiff's response to that Motion is now due March 22, 2024. (ECF No. 62). Because Plaintiff has not filed his response, that Motion remains pending, and discovery remains stayed. Defendants, therefore, have not violated the Court's "initial scheduling order," because no such order has been entered.

To be sure, after Plaintiff submitted his second request for an extension of time to respond to Defendants' Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies, citing, in part, the fact that he no longer had access to his legal paperwork, including his copies of his paper grievances, *see* (ECF Nos. 38, 42), this Court authorized discovery "for the limited and express purpose of providing Plaintiff with copies of physical, written grievances he submitted while detained" at the WCDC, *see* (ECF No. 46). Indeed, the Court's order explicitly explained to parties that "[n]o other discovery is permitted at this time." *Id.* To the extent that Plaintiff claims that the County Defendants violated this court order, this Court is not convinced.

The County Defendants provided notice to the Court – and Plaintiff does not dispute – that they located and disclosed to Plaintiff one paper grievance.[4] (ECF No. 58). Plaintiff, however, claims that he *may* have submitted additional paper grievances that the Defendants have not disclosed. (ECF No. 63). In Plaintiff's initial request for an extension of time to respond to

---

[4] Plaintiff appears to complain that this paper grievance was not disclosed to him until the Defendants responded to the Court's January 9, 2024, Order, (ECF No. 46), months after he initially requested it directly from the Defendants, *see* (ECF No. 63). Plaintiff's complaint, however, ignores the point that this Court entered an order staying discovery pending further order of the Court on September 11, 2023. *See* (ECF No. 30). Thus, Defendants were under no obligation to respond to that request at that time.

5

Defendants' Motion for Partial Summary Judgment on the Issue of Exhaustion, he explained that "[he] filed at least one and *possibly* more paper grievances." (ECF No. 38) (emphasis added). As of late, Plaintiff has used more definitive language, asserting that he "recall[ed] filing *at least two* paper grievances." (ECF No. 63) (emphasis added). Plaintiff's uncertainty regarding how many paper grievances he filed is not enough to persuade this Court that the County Defendants violated the Court's order authorizing the disclosure of this material, particularly where, as here, Plaintiff does not cite to any specific time frame or provide the County Defendants with any helpful context from which they could meaningfully engage in further inquiries to determine whether additional paper grievances exist. Plaintiff has not established that the County Defendants' conduct is contemptuous. *See Mahers v. Hedgepeth*, 32 F.3d 1273, 1275 (8th Cir. 1994) ("The contempt power is a most potent weapon, and therefore it must be carefully and precisely employed."). Failing to establish that the County Defendants violated any court order, Plaintiff's Motion for Contempt (ECF No. 63) should be denied.

On a final note, and from the Court's perspective, it appears there may have been some confusion because Plaintiff sent the County Defendants two requests for production *before* the Court entered its order staying discovery. *See* (ECF No. 63, p. 28; ECF No. 68-1). Further complicating matters is that the County Defendants responded to the request for production they received on August 24, 2023, on September 22, 2023, *see* (ECF No. 63, p. 28), but returned the requests for production they received on September 5, 2023, on October 5, 2023. *See* (ECF No. 68-1). Why the Defendants responded to one request for production but not the other is irrelevant – the Court entered its order staying discovery before the County Defendants responded to the first request for production, so the County Defendants were not required to produce the documents

6

requested in either one.

## CONCLUSION

For reasons described above, this Court recommends that Plaintiff's Motion for Contempt be **DENIED**. (ECF No. 63).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 11th day of March 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE