IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JOHN WILLIAM SCHARNHORST, III**                                                      **PLAINTIFF**

**V.**           **CASE NO. 5:22-CV-5232**

**SHERIFF CANTRELL;
MAJOR RANDALL DENZER;
CAPTAIN NOLAN AKE;
CORPORAL TOM MULVANEY;
DANIEL GIERTZ; LIEUTENANT A. ARNOLD;
and CAPTAIN KEVIN EAST**                                   **DEFENDANTS**

## ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 76) filed on July 8, 2024, by the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. She recommends that separate Defendant Daniel Giertz's Motion to Dismiss (Doc. 53) be **GRANTED** and that the remaining County Defendants' Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 34) also be **GRANTED**.

On July 22, 2024, Plaintiff John William Scharnhorst, III filed an Objection (Doc. 77) to the R&R. His objection is not directed to Defendant Giertz's Motion to Dismiss. Instead, Mr. Scharnhorst only disputes whether he adequately exhausted his administrative remedies prior to filing suit, which is the subject of the County Defendants' summary judgment motion. Mr. Scharnhorst claims in his objection that during the seventeen months that he was incarcerated at the Washington County Detention Center, the electronic grievance procedure was largely inoperable or inaccessible to him, so it was impossible for him to have submitted electronic grievances as to all of his claims. He

1

adds that he was also "on a 23/1 lockdown and only had 8 hours to file a grievance on a matter which is why I filed paper grievances when the kiosk and tablets were nonfunctional or unavailable." *Id.* at p. 1. In view of Mr. Scharnhorst's objection to the R&R, the Court has reviewed the record *de novo* as to all proposed findings and recommendations.

The Magistrate Judge's opinion is extremely thorough. She painstakingly itemizes the grievances Mr. Scharnhorst filed while he was incarcerated at the Washington County Detention Center. And there are more than 100 of them, all successfully submitted through the kiosk system. The Magistrate Judge quotes verbatim from more than a dozen grievances submitted between December 2021 to November 2022, and she excerpts multiple written complaints that Mr. Scharnhorst submitted to his jailers between January to March 2022. Upon careful review, the Court agrees with the Magistrate Judge that there is no genuine, material dispute of fact about Mr. Scharnhorst's failure to appropriately exhaust his administrative remedies as to Count One's individual capacity claims against Defendants Cantrell, Denzer, Ake, East, and Mulvaney. These claims are subject to dismissal.

With respect to Count Two, Mr. Scharnhorst contends that he had no access to the kiosk from February 21 to 26, 2022, when he was suffering from an ingrown toenail and wanted medical care. However, it is undisputed that for at least ten days *following* February 26, the kiosk was operational, and he submitted multiple grievances during those days about other issues. Thus, there is no genuine, material dispute that Mr. Scharnhorst failed to exhaust his administrative remedies as to Count Two's individual

and official capacity claims against Defendants A. Arnold, Denzer, Mulvaney, Cantrell, Denzer, Ake, and East.

Finally, as to Count Three, the Court agrees with the R&R that the many grievances he submitted to jail staff do not describe the conduct complained of in this claim. Further, to the extent the subject matter of this claim was obliquely referred to in some manner in an electronic grievance, it did not satisfy the jail's grievance procedure by specifying the approximate dates and times that Mr. Scharnhorst was unable to access the kiosk/tablet system. As the Magistrate Judge explained, "[e]ven if the tablet/kiosk system was non-operational on November 29, 2022, January 15, 2022, or March 31, 2022, that system was restored by at least November 30, 2022, January 21, 2022, and April 12, 2022, respectively"; and "[o]n each of those days, Plaintiff had opportunity to submit a timely grievance about the service interruption, and the effect of that interruption on his access to printed materials, his personal mail, and/or medical requests. do not satisfy the jail's grievance policy." (Doc. 76, p. 41). He failed to do this. As a consequence, no reasonable jury could find that he properly exhausted his administrative remedies with respect to Count Three's official and individual capacity claims against Defendants A. Arnold, Denzer, Mulvaney, Cantrell, Denzer, Ake, and East.

**IT IS THEREFORE ORDERED** that Mr. Scharnhorst's Objection to the R&R (Doc. 77) is **OVERRULED**, and the R&R (Doc. 76) is **ADOPTED IN ITS ENTIRETY** as follows:

(1) Separate Defendant Giertz's Motion to Dismiss (Doc. 53) is **GRANTED**, and the Clerk of Court is directed to **TERMINATE** him as party to this action.

(2) County Defendants' Motion for Partial Summary Judgment on the Issue of Exhaustion (Doc. 34) is **GRANTED**, and Plaintiff's Counts Two and Three against County Defendants A. Arnold, Denzer, Mulvaney, Cantrell, Denzer, Ake, and East in their official and individual capacities are **DISMISSED WITHOUT PREJUDICE** for failure to properly exhaust administrative remedies; while Plaintiff's Count One against County Defendants Cantrell, Denzer, Ake, East, and Mulvaney in their individual capacities is **DISMISSED WITHOUT PREJUDICE** for failure to properly exhaust administrative remedies.

(3) County Defendants' request to stay what remains of these proceedings as to Count One is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 2nd day of August, 2024.

  _____
  TIMOTHY L. BROOKS
  UNITED STATES DISTRICT JUDGE

4